Filed 9/25/15  Doll v. Ghaffari CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SHERON DOLL, | B249582 c/w B252181 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC421113) |
| MAHIN GHAFFARI et al., | |
| Defendants and Appellants, | |
| KULL + HALL, | |
| Intervener and Appellant. | |

APPEALS from an order and judgment of the Superior Court of Los Angeles County, Gregory M. Alarcon, Judge.  Dismissed in part; affirmed in part, reversed in part; and remanded with directions.

Horvitz & Levy, David M. Axelrad and Mitchell C. Tilner, Lewis Brisbois Bisgaard & Smith, William John Rea, Jr., David B. Shapiro and Christina M. Guerin for Defendants and Appellants.

Dentons US LLP, Charles A. Bird for Plaintiff and Appellant.

Kull + Hall, Robert F. Kull and Kevin P. Hall for Intervener and Appellant.

_____

Sheron Doll was evicted from her Santa Monica rent-controlled apartment pursuant to an unlawful detainer judgment. After that judgment was reversed on appeal, Doll filed the present action against her former landlord, Mahin Ghaffari, and her daughter, Fariba Ghaffari (jointly, Ghaffari),[1] for breach of contract, wrongful eviction, and other claims. Following a summary adjudication ruling and jury trial, Doll recovered a judgment of $416,200.68, but was denied prejudgment interest and attorney fees.

Both Ghaffari and Doll have appealed from the judgment. The judgment is affirmed as to the $377,130 summary adjudication award in favor of Doll. In light of our determination that Doll is not entitled to damages for wrongful eviction, trespass, or financial elder abuse, that portion of the judgment is reversed. The matter is remanded with directions to enter a new judgment in accordance with the views stated in this opinion.

Doll's former attorney, Kull + Hall, has appealed from a post judgment order regarding attorney fees and denying leave to intervene. That appeal is dismissed as moot.

### FACTUAL AND PROCEDURAL BACKGROUND

Doll began living in a Santa Monica rent-controlled apartment in 1980. Ghaffari purchased the apartment building in 2002. In 2007, a fire broke out in Doll's apartment, which was damaged, and she relocated to San Diego while repairs were made. Following completion of the repairs, Doll moved back to her Santa Monica apartment. Shortly thereafter, Doll returned to San Diego and began subletting her Santa Monica apartment at rates in excess of the maximum allowable rent under the Santa Monica rent control ordinance.

Claiming that Doll had left the apartment in the possession of a subtenant, Ghaffari served a notice of rent increase. After Doll refused to pay the increased rent, Ghaffari filed the first of two unlawful detainer actions. Doll prevailed in that action based on Ghaffari's failure to prove that she was no longer a permanent resident.

---

[1] The complaint also named Ghaffari's business entity, MMG Investments, as a defendant.

Doll continued subletting the apartment to short-term renters at rates in excess of the maximum allowable rent. Ghaffari declared a total breach of the lease, served a 3-day notice to quit (Code Civ. Proc., § 1161, subd. (4)), and filed a second unlawful detainer action.[2] (*Ghaffari v. Doll* (Super. Ct. Los Angeles County, 2008, No. SM 08U01025).) In the trial court, Ghaffari prevailed and received an order of possession of the premises, plus damages.[3]

Doll filed an appeal of the unlawful detainer judgment with the appellate division of the superior court, but did not obtain a stay. While that appeal was pending, Doll was evicted by the sheriff pursuant to a writ of possession. Doll did not remove her personal belongings from the apartment. Ghaffari gave Doll notice pursuant to Civil Code section 1988, and conducted a sale of her belongings. Ghaffari leased Doll's apartment to a new tenant.

Several months later, the appellate division reversed the unlawful detainer judgment. (*Ghaffari v. Doll* (Super. Ct. Los Angeles County, 2009, No. BV027917).) The appellate division concluded the local rent control ordinance does not permit an eviction based on unlawful use of the premises unless the tenant suffered a criminal

---

[2] Subdivision (4) of Code of Civil Procedure section 1161 states that a tenant who is "using the premises for an unlawful purpose, thereby terminates the lease, and the landlord . . . shall upon service of three days' notice to quit . . . be entitled to restitution of possession of the demised premises . . . ."

The notice stated that Doll had breached the lease by using the apartment for the unlawful purpose of subletting in violation of section 1810 of the Santa Monica City Charter by charging rent in excess of the lawful maximum allowable rent.

[3] The trial court in the unlawful detainer action found that Doll was "using the premises in violation of the Santa Monica Rent Control Charter Amendment, by using the premises not as her residence, but as income property. [Doll] collects from sublessees rents in excess of the maximum allowable under the SMRCCA so she can pay rent she owes [Ghaffari] and make extra money for her own use. Judgment is therefore ordered in favor of [Ghaffari] for possession and for damages of $4,797.00 based on the stipulated maximum allowable rent of $1,066.00, plus costs per cost memorandum."

conviction for the violation.[4]  Because Doll was never convicted of subletting her apartment in violation of the rent control ordinance, the appellate division reversed the unlawful detainer judgment.  The opinion did not mention whether Doll was entitled to restitution of the premises.  Ghaffari did not seek review of the appellate division's reversal of the unlawful detainer judgment, which is final.

After the remittitur issued, Doll filed a motion in the trial court for restitution of the premises.  (Code Civ. Proc., § 908.)  The trial court denied the motion, citing the judge's determination in the second unlawful detainer action that she had unclean hands.[5]

In the present action, Doll sued Ghaffari for breach of lease, breach of implied covenant of good faith and fair dealing, breach of implied covenant of quiet enjoyment, declaratory relief, wrongful eviction, trespass, and financial elder abuse.[6]

---

[4] Under state law, a criminal conviction is not a prerequisite to a tenant's eviction based on the use of the premises for an unlawful purpose (Code Civ. Proc., § 1161, subd. (4)); the conviction requirement is found only in the local rent control ordinance. The ordinance prohibits the landlord from bringing an unlawful detainer action based on a tenant's unlawful use of the premises (which is a right that exists under state law) *unless* the "tenant is convicted of using or expressly permitting controlled rental unit to be used for any illegal purpose."  (Charter of the City of Santa Monica, art. XVIII, § 1806, subd. (a)(4)).

Arguably, the local ordinance's conviction requirement imposes a procedural hurdle that interferes with the state eviction statutes, raising a possible preemption issue (see, e.g., *Birkenfeld v. City of Berkeley* (1976) 17 Cal.3d 129 [state eviction statutes preempted local rent control ordinance's requirement of obtaining eviction certificate before filing unlawful detainer action for possession of rent-controlled apartment]), but these issues are beyond the scope of this opinion.

[5] The order of denial stated:  "The court finds that factually [Doll] comes with unclean hands pursuant to findings of fact by [the trial judge].  Court agrees that providing substitute restitution is an equitable remedy in the discretion of this court. Given the factual findings, this court declines to exercise that discretion."

[6] Under Welfare and Institutions Code section 15610.30, subdivision (a)(1), financial abuse of an elder occurs when a person takes, secretes, appropriates, obtains, or retains real or personal property of an elder for a wrongful use or with intent to defraud, or both.

4

The parties filed competing motions for summary adjudication. Ghaffari's motion was denied, but Doll's motion was granted as to the contract-based causes of action. In its summary adjudication ruling, the court granted contract damages to Doll in the amount of $377,130. That award was based on the deposition testimony of Doll's expert, an economist. He assessed the value of Doll's right to remain in the rent-controlled apartment for the rest of her life to be $377,130. He took into account Doll's projected life expectancy, the lower rent for the rent-controlled apartment, and the higher rent for a replacement apartment.

Following a trial of the remaining claims, the jury returned special verdict findings. It found Ghaffari not liable for intentional infliction of emotional distress, and that her actions were lawful and in good faith. But the jury found her liable for the remaining claims, each of which was found to have been committed with malice, oppression, or fraud. After a bifurcated trial on punitive damages, the jury elected to award no punitive damages. The jury found that Doll had suffered damages of $180,000 for wrongful eviction, $29,070.68 for trespass, and $10,000 for financial elder abuse (based on loss of personal property).

After analyzing the jury's awards, the trial court entered a judgment in the amount of $416,200.68, which consisted of the $377,130 summary adjudication award for contract damages, $25,000 for wrongful eviction and trespass, $4,070.68 for economic damages for trespass, and $10,000 for financial elder abuse. The court denied Doll's requests for prejudgment interest and attorney fees. It denied all post-judgment motions for new trial and judgment notwithstanding the verdict. It denied Kull + Hall's post-judgment motion to intervene and to vacate, clarify, or reconsider the order denying attorney fees.

---

The complaint's six other claims are no longer at issue: unjust enrichment, conversion, negligence, unfair competition, intentional infliction of emotional distress, and negligent infliction of emotional distress.

## DISCUSSION

## I

Preliminarily, we note that while the appeal from the second unlawful detainer judgment was pending, there was no stay of execution. The eviction, which was conducted by the sheriff pursuant to a lawful writ of possession, did not constitute improper self-help. The reversal of the unlawful detainer judgment—based on a provision in the local rent control ordinance that precludes an eviction for a violation of law absent a prior conviction of the tenant—did not entitle Doll to re-enter the apartment absent a court order.[7] (Code Civ. Proc., § 908.) That being the case, Ghaffari's post-judgment enforcement activities were protected by the litigation privilege. (Civ. Code, § 47, subd. (b)(2); see *Action Apartment Assn. v. City of Santa Monica* (2007) 41 Cal.4th 1232 (*Action Apartment*).)

*Action Apartment* involved a challenge to a local ordinance that granted tenants a harassment claim against landlords for malicious use of statutory eviction procedures. The Supreme Court invalidated the ordinance, finding it was preempted by the litigation privilege: "An action brought pursuant to this provision of the ordinance is necessarily based on the filing of a legal action, which by its very nature is a communicative act. The filing of a legal action is not 'an independent, noncommunicative, wrongful act.' [Citation.] We contemplate no communication that is more clearly protected by the litigation privilege than the filing of a legal action." (41 Cal.4th at p. 1249.)

"[T]he litigation privilege may extend to steps taken after the trial or other proceeding. (*Action Apartment*, *supra*, 41 Cal.4th at p. 1241, citing *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057 (*Rusheen* ).) In *Rusheen*, the Supreme Court held that actions taken to collect a judgment were protected by the litigation privilege of Civil Code section 47, subdivision (b), as 'communication[s]' in the course of judicial

---

[7] As previously mentioned, under state eviction law, a prior conviction is not a prerequisite for terminating the lease and filing an unlawful detainer complaint based on the unlawful use of the premises. (See Code Civ. Proc., § 1161, subd. (4) ["[a]ny tenant [or] subtenant . . . using the premises for an unlawful purpose, thereby terminates the lease"].)

proceedings, 'unless it is demonstrated that an independent, noncommunicative, wrongful act was the gravamen of the action . . . .' (*Rusheen,* at p. 1065.)  According to *Rusheen*, 'where the cause of action is based on a communicative act, the litigation privilege extends to those noncommunicative actions which are necessarily related to that communicative act.' (*Id.* at p. 1052.)  In *Rusheen*, 'because the claim for abuse of process was based on the communicative act of filing allegedly false declarations of service to obtain a default judgment, the postjudgment enforcement efforts, including the application for writ of execution and act of levying on property, were protected by the privilege.' (*Ibid.*)" (*Chacon v. Litke* (2010) 181 Cal.App.4th 1234, 1256 (*Chacon*).)

In *Feldman v. 1100 Park Lane Associates* (2008) 160 Cal.App.4th 1467 (*Feldman*), the court considered application of the litigation privilege (Civ. Code, § 47, subd. (b)) in determining a special motion to strike (Code of Civ. Proc., § 425.16, the anti-SLAPP statute).  (*Feldman*, *supra*, at p. 1479, citing *Navellier v. Sletten* (2003) 106 Cal.App.4th 763, 770 ["privilege informs interpretation of the 'arising from' prong of the anti-SLAPP statute [citation], but protections afforded by the statute and the privilege are not entirely coextensive [citations]."].)

The court concluded the litigation privilege applied to each claim in the tenant's cross-complaint:  retaliatory eviction, negligence, negligent misrepresentation, breach of implied covenant of quiet enjoyment, wrongful eviction, breach of contract, and unfair business practices.  It declared that "'[t]he prosecution of an unlawful detainer action indisputably is protected activity within the meaning of [Code of Civil Procedure] section 425.16.' (*Birkner* [*v. Lam* (2007)] 156 Cal.App.4th [275,] 281, . . .)  ¶ Any doubt that the filing of an unlawful detainer action would not be included in the wide ambit of the anti-SLAPP statute is set to rest by *Action Apartment*[, *supra*,] 41 Cal.4th 1232 . . . . [T]he California Supreme Court held the litigation privilege of Civil Code section 47 entirely preempted the provision of a Santa Monica 'tenant harassment' ordinance allowing suit for a landlord's malicious efforts to recover possession of a rental unit by filing of an eviction action.  ([*Id.*] at pp. 1237, 1249–1250.)  In so determining, the court

7

rejected the argument that the gravamen of initiating an eviction action is a course of conduct. . . . (*Id*. at p. 1249 . . . .)" (*Feldman*, *supra*, 160 Cal.App.4th at pp. 1479–1480.)

*Feldman* also found that the litigation privilege applied to the tenant's breach of contract claim: "We focus, as we must, not on the label of the cause of action, but on [the landlord's] *activities* challenged in the cross-complaint. The breach of contract claim contends that the [landlords] 'breached the Addendum by the actions alleged herein, and by illegally evicting [the tenants/sublessors] from the premises, seeking thereby to deprive [the sublessees] of their contractual rights to occupancy of the premises.' 'The actions alleged herein' are [the landlords'] threats, the service of the three-day notice, and the filing of the unlawful detainer action. The activities that allegedly breached the contract were the protected activities. The claim that the eviction was 'illegal' because the [sublessees] were lawfully in possession under the Addendum does not transform these protected activities into something different or independent. The breach of contract cause of action arose from protected activity." (*Feldman, supra,* 160 Cal.App.4th at p. 1484.)

Doll relies on *Chacon* for her position that Ghaffari's post trial enforcement activities are not protected by the litigation privilege. (*Chacon*, *supra*, 181 Cal.App.4th 1234.) *Chacon* was decided by the same court that decided *Feldman*, and, as it explained, those cases are distinguishable.

In *Chacon*, the landlord (Litke) of a San Francisco apartment building served the tenants (the Chacons) with a 60-day notice to temporarily vacate the apartment while necessary repairs were made. (181 Cal.App.4th at p. 1240.) When the Chacons did not vacate their unit, Litke filed an unlawful detainer complaint and recovered a judgment for "restitution of possession of the premises," damages for unpaid rent, costs, and attorney fees. No appeal was taken from the judgment. (*Id.* at p. 1241.) When the Chacons sought a temporary stay and relocation expenses, the parties entered a stipulation under which the Chacons temporarily vacated the premises in return for statutory relocation expenses, less the amount of the judgment. (*Id.* at pp. 1241–1242.)

8

When Litke later refused to allow the Chacons to reoccupy the apartment, they sued for wrongful eviction. They prevailed in the trial court and on appeal. Litke's defense, based on the litigation privilege of Civil Code section 47, subdivision (b), was rejected under *Action Apartment*. The court found that Litke's refusal to allow the Chacons to reoccupy their apartment "'was not done in furtherance of the objects of the litigation,' and accordingly, was not privileged." (*Chacon*, *supra*, 181 Cal.App.4th at pp. 1245–1246.)

The present case is distinguishable from *Chacon*. The unlawful detainer judgment granted Ghaffari the right of possession, which the appellate division's ruling left intact. Ghaffari's enforcement of the writ of possession, statutory sale of Doll's belongings, and rental of the apartment to a new tenant were all lawful enforcement activities. Doll's remedy—seeking an order reinstating her right of possession—was either never exercised, or if exercised, was denied.

Under these circumstances, as explained in *Action Apartment*, the litigation privilege protects Ghaffari's communicative act of filing the wrongful detainer complaint, as well as her postjudgment enforcement efforts—enforcement of the writ of execution, removal and sale of Doll's personal belongings under Civil Code section 1988, and leasing the premises to new tenants. (See *Feldman*, *supra*, 160 Cal.App.4th at p. 1480.) Because the wrongful eviction, trespass, and elder abuse claims were based on these protected enforcement activities, that portion of the judgment must be reversed.

## II

We next consider the summary adjudication of the contract-based claims. "Summary judgment is appropriate when all of the papers submitted show there is no triable issue of material fact and the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) 'The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute.' [Citation.]" (*Hutton v. Fidelity National Title Company* (2013) 213 Cal.App.4th 486, 492.)

9

On appeal, Ghaffari challenges the contract damages award, but does not argue that subleasing at rates in excess of the maximum allowable rent under the rent control ordinance terminated the lease, or that the litigation privilege barred the breach of contract claim. Nor does Ghaffari dispute the availability of contract damages under *Munoz v. MacMillan* (2011) 195 Cal.App.4th 648, 659–662. In that case, the landlord obtained an unlawful detainer judgment that terminated a commercial lease before the end of the term. After the unlawful detainer judgment was reversed on appeal, the tenant sued the landlord for wrongful eviction, breach of contract, and other claims. The trial court granted summary judgment for the landlord. The appellate court reversed, finding there were triable issues of material fact as to the availability of contract damages. After finding no clear right to pursue contract damages—the court noted the "closest authority bearing on this question" was a 1917 decision—the court concluded that a "landlord can breach a lease by evicting a tenant using judicial processes when the unlawful detainer judgment relied on for the writ of possession is later reversed." (195 Cal.App.4th at p. 659.) The court in *Munoz* did not consider the litigation privilege or the *Action Apartment* decision, and Ghaffari does not distinguish the decision on that basis.

The focus of Ghaffari's appeal is on the speculative nature of the testimony of Doll's expert valuation witness, who assumed that Doll would have remained in the apartment for the rest of her life. Ghaffari points out that any lease between Doll and her original landlord has been lost, and there is no written lease between Ghaffari and Doll. Ghaffari contends that because Doll's complaint did not allege a claim for breach of the rent control ordinance, and because the ordinance was not cited by her expert as the basis for the assumption that she would remain in the apartment for the rest of her life, the assumption is speculative. In addition, Ghaffari argues the assumption is flawed in any event because the landlord has the right to bring another unlawful detainer action if warranted.

The record on appeal does not include the evidence presented in opposition to Doll's summary judgment motion, nor the parties' separate statements of undisputed facts. As Doll points out in her brief, "[a]lthough the Ghaffaris opposed the motion with

10

more than just a legal memorandum, on appeal they have proffered their legal memorandum as the only relevant opposition. [Internal record reference omitted.] And that opposition supports the issue argued on appeal only to the extent it contended Doll 'failed to meet her initial burden in establishing that she sustained monetary damages as a result of the alleged breaches by Defendants.' [Internal record reference omitted.]"

Regardless of the expert's reliance or lack of reliance on the rent control ordinance, the lease established Doll's right to possession, and the trial court was required to consider both the lease and the rent control ordinance. The ordinance provides tenants with substantive rights in addition to those provided by the lease, and the court necessarily considered those rights in deciding the summary adjudication motion. Accordingly, the rent control ordinance was properly considered by the court as a valid basis for the valuation testimony.

Based on the record before us, the evidence at the summary adjudication hearing was uncontroverted as to Doll's desire to remain in the apartment for the rest of her life. The facts supporting that inference included the length of her tenancy (over 30 years), her vision disability, her age, the apartment's proximity to friends, public transportation, and community services, and the financial incentive of her below-market rent ($1,100 versus $2,300). Under these circumstances, a prima facie case was established that Doll would have stayed in the apartment for the rest of her life absent another eviction proceeding. We conclude that Ghaffari failed to raise a triable issue of fact.

Given our reversal of the judgment as to the wrongful eviction, trespass, and elder abuse claims, Doll's request for additional damages for those claims is moot. As to Doll's contention that the trial court erred in denying prejudgment interest, we disagree. In this case, the amount of Doll's damages did not become liquidated until the court resolved the final amount of damages and entered judgment. (See *Wisper Corp. v. California Commerce Bank* (1996) 49 Cal.App.4th 948, 960.)

**III**

Finally, we turn to the appeal by Doll's former counsel, Kull + Hall, from the August 30, 2013 order denying its motion to intervene, and to vacate, clarify, or reconsider a prior order denying attorney fees.  Because Kull + Hall was not a party to the lease, it lacks standing to seek attorney fees under the lease.  Because Doll is no longer the prevailing party as to the wrongful eviction, trespass, and elder abuse claims, the appeal by Kull + Hall as to attorney fees is moot.

Kull + Hall seeks reversal of the denial of its motion to intervene.  That issue also is moot, since the only claim on which Doll prevailed is breach of contract, and Kull + Hall lacks standing to seek attorney fees under the lease.  Accordingly, the appeal by Kull + Hall is dismissed as moot.

## DISPOSITION

As to the contract claim, the $377,130 summary adjudication award in favor of Doll is affirmed. As to the wrongful eviction, trespass, and financial elder abuse claims, the awards in favor of Doll are reversed. Ghaffari is entitled to dismissal of those claims. The matter is remanded with directions to enter a new judgment in accordance with this opinion.

The appeal by Kull + Hall is dismissed as moot.

Each party is to bear its own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.

13